IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRICK BARHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-388-JHP |
| ) | |
| (1) ROBERT DONALD TONEY, an individual, ) | |
| (2) MCM ENTERPRISES, LLC, an Oklahoma ) | |
| Company; and ) | |
| (3) CANAL INSURANCE COMPANY, a foreign ) | |
| insurance company ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Remand [Doc. No. 6] and Defendants' Objection [Doc. No. 9]. For the reasons detailed below, Plaintiff's Motion to Remand is **DENIED**.

## **BACKGROUND**

Plaintiff originally filed this action in the District Court of LeFlore County, Oklahoma, on December 26, 2013, Case No. CJ-13-272, asserting claims arising out of state law. [Doc. No 4, Ex. 2]. On September 9, 2014, Defendants Robert Donald Toney ("Toney") and Canal Insurance Company ("Canal") (collectively, the "Removing Defendants") removed the case to this Court through the filing of a Notice of Removal, contending that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between Plaintiff and Defendants and the matter in controversy exceeds $75,000. [Doc. No. 4]. The Removing Defendants further argued that Defendant MCM Enterprises, LLC ("MCM Enterprises") no longer exists as a legal entity and therefore does not have citizenship for diversity purposes. [*Id.* at 2-3]. On October 9, 2014, Plaintiff filed a Motion to Remand

1

pursuant to 28 U.S.C. § 1447(c), contending that this Court lacks subject matter jurisdiction over this action, in that there is no federal question to address and there is not complete diversity of citizenship among the parties. [Doc. No. 6]. On October 23, 2014, The Removing Defendants filed an Objection to Plaintiff's Motion to Remand. [Doc. No. 9].

**DISCUSSION**

The Removing Defendants contend that this Court has jurisdiction over this action based on 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). When jurisdiction is based on § 1332, each plaintiff must be diverse from each defendant, to have so-called complete diversity. *Ravenswood, Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)). In this instance, Plaintiff challenges the existence of complete diversity, contending that both he and MCM Enterprises are citizens of the state of Oklahoma for purposes of § 1332.[1] It is undisputed that Plaintiff is a citizen of Oklahoma.

As the parties seeking removal, Defendants bear the burden of proving that removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014)). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). Plaintiff does not dispute any of the supplemental

---

[1] There is no dispute that the other Defendants are diverse from Plaintiff: Defendant Toney is a citizen of Arkansas and Defendant Canal is a citizen of South Carolina.

allegations contained in the Notice of Removal; therefore, the allegations are taken as true. *See Kerns v. U.S.*, 585 F.3d 187, 193 (4th Cir. 2009).

In their Notice of Removal, the Removing Defendants assert that that the Articles of Organization for MCM Enterprises were cancelled by operation of law on September 3, 2014, after MCM Enterprises failed to file its annual certificate with the Oklahoma Secretary of State for three consecutive years. [Doc. No. 4, Ex. 1]; *see* OKLA. STAT. tit. 18 § 2012.1(B). The Removing Defendants argue that, because its Articles of Organization were administratively cancelled, MCM Enterprises no longer exists as a legal entity. Plaintiff argues that MCM Enterprises still exists under Oklahoma law for purposes of this action, despite the cancellation of its Articles of Organization.

The statute at issue, OKLA. STAT. tit. 18 § 2004(B)(1), provides in relevant part: "A limited liability company formed under this act is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability company's articles of organization and completion of its winding up, if any." The language "and completion of its winding up, if any" was added to the statute in 2008. Plaintiff argues that the 2008 amendment demonstrates legislative intent to require an administratively terminated LLC, such as MCM Enterprises, to complete the winding up of its affairs *before* it ceases to exist as a legal entity. Under Plaintiff's interpretation of the 2008 amendment, MCM Enterprises continues to exist as a "separate legal entity" despite its cancellation, because it has yet to "wind up" its affairs by defending this suit.

The Removing Defendants respond that the "winding up" requirement of § 2004(B)(1) applies only to LLCs that are cancelled pursuant to dissolution under OKLA. STAT. tit. 18 § 2037. By contrast, when an LLC is administratively cancelled under OKLA. STAT. tit. 18 § 2012.1(B)

for failure to file the annual certificate, the "winding up" provision of § 2004(B)(1) does not apply. Thus, the Removing Defendants argue that under § 2012.1(B), MCM Enterprises ceased to exist as a legal entity on September 3, 2014, and no further winding up was required.

The issue of whether "winding up" under § 2004(B)(1) applies to an administratively cancelled LLC has not been previously addressed by any court. Other decisions that address the implications of § 2004(B)(1) do so with respect to the prior version of the statute. *See AT&T Advertising, LP v. Winningham*, 280 P.3d 360 (2012); *In re Midpoint Dev., LLC*, 466 F.3d 1201 (10th Cir. 2006).

OKLA. STAT. tit. 18 § 2012.1(A) provides four circumstances under which the Articles of Organization for an Oklahoma LLC shall be cancelled: (1) "upon the <u>dissolution and the completion of winding up</u>"; (2) "upon the filing of a certificate of merger or consolidation if the limited liability company is not the surviving or resulting entity in a merger or consolidation"; (3) "upon the conversion of a domestic limited liability company approved in accordance with Section 2054.2 of this title"; or (4) "<u>as provided in subsection B of this section</u>." (emphasis added). Subsection B of § 2012.1 provides:

> The articles of organization of a domestic limited liability company shall be deemed to be canceled if the domestic limited liability company fails to file the annual certificate and pay the annual fee . . . within three (3) years from the date the certificate or fee is due, <u>the cancellation to be effective on the third anniversary of the due date</u>.

(emphasis added). Only one of the four circumstances, dissolution, requires "winding up." Accordingly, under a plain reading of § 2012.1, "winding up" was not required for MCM Enterprises' Articles of Organization to be deemed cancelled under § 2012.1(B). MCM Enterprises' Articles of Organization were deemed cancelled on September 3, 2014, prior to the instant notice of removal.

4

Moreover, the permissive language of amended § 2004(B) indicates that winding up is not mandatory: § 2004(B) provides for the continued existence of an LLC until cancellation of the LLC's articles of organization "and completion of its winding up, <u>if any</u>." OKLA. STAT. tit. 18 § 2004(B)(1) (emphasis added). The Oklahoma Supreme Court has stated that different statutory provisions must be construed together "to effect a harmonious whole and give intelligent effect to each." *Rogers v. Quiktrip Corp.*, 230 P.3d 853, 859 (Okla. 2010). Using this rule of construction, it becomes clear that use of the phrase "if any" in § 2004(B) was meant to recognize that § 2012.1 provides for "winding up" only in the circumstance of dissolution.

Thus, under applicable Oklahoma law, MCM Enterprises ceased to exist on September 3, 2014, when its Articles of Organization were administratively cancelled. No further winding up was required for MCM Enterprises to cease to exist as a legal entity. *See Go Fast Sports & Beverage Co. v. Buckner*, 2008 WL 2852626, at *2 (D. Colo. July 23, 2008) (cancellation of an LLC destroys its citizenship for diversity purposes if the company ceases to exist under state law).

Accordingly, MCM Enterprises has no citizenship for diversity purposes. As a non-existent entity, MCM Enterprises is effectively a nominal party that was not required to join in the removal of this action under 28 U.S.C. § 1446(b)(2)(A). *See Branch Banking and Trust Co. v. Bixby Investors*, L.P., 2011 WL 4348212, at *2, *5 (N.D. Okla. Sept. 16, 2011) (nominal defendant not required to join in removal of action); *Stonybrook Tenants Ass'n, Inc. v. Alpert*, 194 F. Supp. 552, 556 (D. Conn. 1961) ("nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal.").[2]

---

[2] The Court will not comment on whether Plaintiff's attempted service on MCM Enterprises was proper, as its joinder in the removal notice was not required.

As a result, there is complete diversity between Plaintiff and Defendants and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Further, Plaintiff is not entitled fees, costs, or expenses here, because this matter was properly removed.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Doc. No. 6] is **DENIED**.

**IT IS SO ORDERED** this 17th day of August, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma