# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DERRICK BARHAM,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. CIV-14-388-JHP ) |
| **(1) ROBERT DONALD TONEY, an individual,** **(2) MCM ENTERPRISES, LLC, an Oklahoma Company, and** **(3) CANAL INSURANCE COMPANY, a foreign insurance company,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Defendant Canal Insurance Company's Motion to Dismiss defendant MCM Enterprises, LLC from this case (Doc. No. 20). After consideration of the briefs and for the reasons detailed below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff originally filed this action in the District Court of LeFlore County, Oklahoma, on December 26, 2013. (Doc. No 4-2). Defendants Robert Donald Toney ("Toney") and Canal Insurance Company ("Canal") subsequently removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 4). Toney and Canal argued in their Notice of Removal that Defendant MCM Enterprises, LLC ("MCM") no longer exists as a legal entity and therefore does not have citizenship for diversity purposes. (*Id.* at 2-3). Plaintiff filed a Motion to Remand this case back to state court, contesting Toney and Canal's argument that MCM lacked citizenship. On August 17, 2015, the Court entered an Opinion and Order denying Plaintiff's Motion to Remand. (Doc. No. 13). In the Opinion and Order, the Court concluded that MCM ceased to exist on September 3, 2014, when its Articles of Organization were

1

administratively canceled. (*Id.* at 5). Accordingly, the Court concluded MCM has no citizenship for diversity purposes and is effectively a nominal party. (*Id.*).

Canal has now moved for an order dismissing MCM from this case, for the reason that MCM no longer has a legal existence under Oklahoma law and therefore lacks the capacity to be sued. (Doc. No. 20). Plaintiff opposes dismissal of MCM. (Doc. No. 21).

## DISCUSSION

For a corporation, capacity to be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). For all other parties that are not individuals, capacity is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under either rule, the capacity of MCM, an Oklahoma limited liability company being sued in an Oklahoma court, is determined by Oklahoma law.

For reasons explained in the Opinion and Order dated August 17, 2015, MCM was terminated under Oklahoma law on September 3, 2014. Because MCM has ceased to exist as a legal entity, it lacks capacity to be sued under Oklahoma law. *See* OKLA. STAT. tit. 12, § 2017(B) ("any person, corporation, partnership, or unincorporated association [has] capacity to ... be sued in this state."); *AT & T Advert., L.P. v. Winningham*, 280 P.3d 360, 364 (Okla. Civ. App. 2012) (noting a canceled LLC "is no longer a separate legal entity."). Because MCM lacks capacity to be sued under Oklahoma law, dismissal of MCM is appropriate. The Court agrees with Canal that it may seek MCM's dismissal from this case, as MCM has ceased to exist and Canal is MCM's insurance provider, with ongoing responsibility to make insurance coverage available through the insurance policy sold to MCM. *See Hartford Ins. Co. v. Ohio Cas. Ins. Co.*, 189 P.3d 195, 200-01 (Wash. Ct. App. 2008) ("Where an insurer has been paid to provide

indemnity, the insurer acts prudently and in protection of its own interests by making the coverage available even though its insured is defunct . . . .")

Plaintiff's arguments in opposition to dismissal do not alter the Court's conclusion. In his response, Plaintiff raises several arguments that effectively seek to overturn the Court's finding that MCM ceased to exist. First, Plaintiff argues an apparent conflict exists between OKLA. STAT. tit. 18, § 2055.2(H) and § 2012.1(B). Section 2055.2(H) provides in relevant part:

> The failure of a domestic limited liability company . . . to file an annual certificate and pay an annual certificate fee . . . to the Secretary of State shall not . . . prevent the domestic limited liability company . . . from defending any action, suit or proceeding with any court of this state.

This subsection applies to LLCs that have failed to file an annual certificate and pay the annual fee, not to LLCs that have been canceled. By contrast, § 2012.1(B), which is titled "Cancellation of Articles of Organization," provides:

> The articles of organization of a domestic limited liability company shall be deemed to be canceled if the domestic limited liability company fails to file the annual certificate and pay the annual fee . . . within three (3) years from the date the certificate or fee is due, the cancellation to be effective on the third anniversary of the due date.

Accordingly, these two provisions address different situations. Applying both provisions to the situation at hand, the Court reads no conflict. In 2013, when Plaintiff filed suit, MCM had failed to file its annual certificate or pay its annual fee, which meant MCM still had capacity to defend this action under § 2055.2(H). However, on September 3, 2014, MCM's Articles of Organization were deemed canceled under § 2012.1(B). At that time, MCM ceased to exist and no longer had capacity to be sued. *See* OKLA. STAT. tit. 18, § 2004(B)(1) ("A limited liability company formed under this act is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability company's articles of organization and completion of its winding up, if any.").

Second, Plaintiff argues the "cancellation" language in § 2012.1(B) cannot mean the LLC ceases to exist, because other provisions, § 2012.1(C) and § 2055.2(G), address "reinstatement" of an LLC that has been canceled. Plaintiff argues § 2012.1(C) and § 2055.2(G), by providing for reinstatement, acknowledge the continued existence of a canceled LLC. The Court disagrees. The right of "reinstatement" as a legal entity itself presumes the non-existence of the previously existent legal entity. Even if the law provides steps for reinstatement of a canceled company, it does not follow that the canceled company still legally exists prior to its reinstatement.

Third, Plaintiff argues § 2055.2(I), which provides that members and managers of an LLC are not liable for the LLC's liabilities even if the LLC fails to file the annual certificate and pay the annual fee, proves a canceled LLC continues to exist after cancelation. Again, the Court disagrees. Section 2055.2(I) specifically applies to LLCs that have failed to file an annual certificate and pay an annual fee, not to LLCs that have been canceled. Plaintiff's reading of § 2055(I) defies the statute's plain language. Indeed, the Oklahoma Court of Civil Appeals found that § 2055.2(I) does not apply to companies that have been canceled. *AT&T*, 280 P.3d at 363 (finding § 2055.2(I) expressly distinguishes a canceled LLC from one not in good standing).

Fourth, Plaintiff argues dismissing MCM will leave him with no remedy. This argument is also without merit. Plaintiff maintains claims against defendants Robert Toney and Canal, and MCM's dismissal will not affect Plaintiff's claims against those parties.[1] Plaintiff's argument that dismissing MCM would mean all debtholders of LLCs in Oklahoma will be denied recourse "for every wrong and for every injury going forward" is hyperbolic and without support. Fifth, Plaintiff's argument that MCM should be treated as having a continued existence as a sole

---

[1] Plaintiff cites *Sisk v. J.B. Hunt Transport, Inc.*, 81 P.3d 55, 62 (Okla. 2003) in support of his argument that dismissal of MCM would deny him recourse against the remaining defendants. Plaintiff's citation is inapposite. In *Sisk*, the plaintiff sued a rig driver for negligence and the driver's employer under a *respondeat superior* theory. Thereafter, the plaintiff voluntarily dismissed the driver, and the Supreme Court of Oklahoma held the dismissal of the *employee* would preclude any action against the vicariously liable *employer*. *Id.* Here, the opposite scenario is presented—dismissal of the *employer* is sought, while the *employee* remains in the case.

4

proprietorship is also without any support, other than a vague reference to the Internal Revenue Service.

Finally, Plaintiff's renewed request for remand is improper and will not be considered. Plaintiff had a full opportunity to brief his Motion to Remand, and the Court will not engage in a renewed analysis of the Oklahoma LLC Act based on new arguments Plaintiff could have raised in the earlier round of briefing. The Court thoroughly considered and denied Plaintiff's Motion to Remand. Plaintiff did not seek reconsideration of the Court's Opinion and Order on the Motion to Remand, and the Court declines Plaintiff's invitation to reconsider its decision at this point.

## CONCLUSION

For the reasons stated above, Defendant Canal Insurance Company's Motion to Dismiss defendant MCM Enterprises, LLC (Doc. No. 20) is **GRANTED**. Plaintiff's request for costs and fees is **DENIED**.

IT IS SO ORDERED this 16th day of June, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma